## In re RUDOLF.
### No. 2555.

Court of Customs and Patent Appeals.
Jan. 12, 1931.

Emery, Booth, Varney & Whittemore, of New York City (Nichol M. Sandoe, of Boston, Mass., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the examiner denying claims 1, 6, and 7 of appellant's application for an alleged invention relating to a process of distilling liquid hydrocarbons without substantial decomposition, and to prevent what is known in the art as spewing, bumping, and frothing.

The process involves the application of heat to the liquid at, as stated in claim 1, in close proximity to, as stated in claim 6, and internally near, as stated in claim 7, the surface thereof, and maintaining a vacuum at such surface.

The claims read as follows:

"1. The method of distilling liquid hydrocarbon without substantial decomposition which comprises applying heat to the liquid at the surface thereof and maintaining a vacuum at such surface."

"6. The method of distilling liquid hydrocarbons without substantial decomposition which comprises supplying heat thereto through a heating element disposed in close proximity to the surface thereof and maintaining a vacuum at such surface.

"7. The method of distilling liquid hydrocarbons without substantial decomposition which comprises supplying heat thereto internally near the surface thereof, and maintaining a vacuum at such surface."

The references are:

Sutton, 26,717, January 3, 1860.
Grogan et al., 89,988, May 11, 1869.
Peuchen, 531,560, December 25, 1894.
Adams, 976,975, November 29, 1910.
Hansgirg, 1,398,856, November 29, 1921.

The patent to Sutton relates to an apparatus for evaporating juices and solutions. It appears from the specification and drawings that heat was to be applied at, or as near as might be desired to, the surface of the liquid, under vacuum or otherwise.

The patent to Grogan et al. relates to the distillation of hydrocarbon oils. It discloses an apparatus and method for distilling oils under vacuum. Heat is applied by means of a heating coil which extends from a point near the bottom of the still to a point near the surface of the oil.

The patent to Peuchen discloses an apparatus for vaporizing petroleum or other liquids by the application of heat near the surface of the liquid. No mention is made in this patent of a process of distillation under reduced pressure or vacuum.

The patent to Adams relates to a so-called cracking or destructive distillation process, and discloses a method of heating the oil near the surface by means of an electrode, a partial vacuum being maintained at the surface of the oil.

The patent to Hansgirg relates to a method of fractionate distillation of hydrocarbon oils. The process disclosed involves the idea of using a series of stills of different temperatures and distributing heating elements throughout the oil. This process also disclosed that, "Normal pressure or vacuum may be maintained in the several receptacles."

The Primary Examiner held that the involved claims read word for word upon the disclosures in the patents to Grogan et al., and Hansgirg, due to the fact that the claims were not limited to the application of heat at the surface of the oil. He further held that were the claims so limited, they would not be patentable over the prior art, as the process of applying heat at the surface only was disclosed in the other references. He then said:

"* * * It is pointed out that Hansgirg expressly states that one of his objects is to prevent decomposition of oil. Outside of the fact that Adams relates to cracking, this patent also fully meets the claim. This patent along with the remaining patents go to show the wide application of surface heating and the same does not involve invention."

In affirming the decision of the examiner, the Board of Appeals held that the patent to Peuchen disclosed the essential features of surface heating of oils; that, although Peuchen did not mention maintaining the oil under pressure or vacuum, this feature was well known in oil distillation; and that the application of the process disclosed by Peuchen to oil under reduced pressure or vacuum would not produce unexpected results. The board then said:

"* * * It is disclosed in similar relation in both Grogan and Hansgirg. In each of these patents is found a method of heating which appears to be equivalent in accomplishing all the results desired by applicant. They disclose heating means in the oil as distinguished from a furnace under the retort. It appears that they would avoid the objection of heating at the extreme bottom only of the body of oil. However, we are convinced that with the disclosure of the use of vacuum in the processes of Grogan and Hansgirg, no patentable novelty is involved in associating it with the surface heater of Peuchen.

"It is further noted that the claims may be construed of such scope that they read directly on Grogan and Hansgirg. None of the expressions 'applying heat to the liquid at the surface thereof,' 'in close proximity to the surface,' and 'near the surface' positively exclude also applying it throughout the body of the bath of oil. Grogan and Hansgirg apply heat at the surface or 'at or near the surface of the oil'—page 3 of applicant's specification—as effectually as applicant."

Counsel for appellant contends that, although the patents to Grogan et al., Hansgirg, and Adams disclose the process of maintaining a vacuum at the surface, and although the heat is applied to the oil "internally of the still," it is, nevertheless, applied "more or less throughout the entire body of the liquid from a point near the surface thereof to a point near the bottom of the still," and that, although the patents to Sutton and Peuchen disclosed the process of applying heat at the surface of the liquid, the results sought and obtained in those disclosures were entirely different from the results sought and obtained by appellant.

Counsel for appellant has presented very plausible arguments in support of his contention that the involved claims are patentable over the prior art. However, upon a careful consideration of the record, we are of opinion that the tribunals below reached the right conclusion, and that, in view of the references of record, the claims of appellant are not patentable.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.